# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **EDWARD B. MENDY,** | |
| Plaintiff, | Civil Action Number: 2:10-cv-04026 (WJM) |
| v. | OPINION |
| **CHASE HOME FINANCE, LLC,** *et al.*, | HON. WILLIAM J. MARTINI |
| Defendants. | |

This matter comes before the Court on Defendant Chase Home Finance, LLC's ("Chase") Rule 12(b)(6) motion to dismiss for failure to state a claim. For the reasons stated below, the Defendant's motion will be **GRANTED** and the Complaint will be **DISMISSED**.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The instant litigation arises out of a contract for the sale of a condominium executed by the parties on July 30, 2009. Specifically, the parties disagree about whom the contract assigns the duty of making repairs necessary to obtain a certificate of occupancy. On March 1, 2010, Plaintiff filed a complaint in this Court alleging, among other claims, breach of contract on the part of Chase and requesting money damages. *Mendy v. Chase Home Finance, LLC*, Civil Action No. 2:10-cv-1039 (WJM). On July 12, 2010, a notice of call for dismissal was issued pursuant to N.J. Local Civil Rule 41.1(a). Three weeks passed. Plaintiff failed to contact the Court. Subsequently, this Court issued an order on August 5, 2010 dismissing Plaintiff's complaint for failure to prosecute.

On August 6, 2010, Plaintiff filed a new Complaint containing allegations nearly identical to those included in his complaint of March 1, 2010. The new Complaint also included one additional count, i.e., count five, breach of contract. Thereafter, Chase filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Chase asserts res judicata as a defense. Plaintiff opposed this motion, arguing primarily that he had good cause for his previous failure to prosecute, and also asserting that the dismissal of his previous complaint was without prejudice.

## II. STANDARD OF REVIEW

1

In considering a motion brought under Rule 12(b)(6), the court is required to review the complaint and construe all allegations as true and in a light most favorable to the plaintiff. *Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).  The complaint must contain allegations sufficient to indicate that a right to relief is supported by more than mere speculation.  *Fulton v. L-3 Commc'ns Corp.*, 2009 WL 3334875, at *2 (D.N.J. Oct. 14, 2009).  Res judicata-based defenses are frequently examined in a Rule 12(b)(6) posture.  *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997).

## III.   DISCUSSION

"Under New Jersey Law, res judicata or claim preclusion applies when (1) the judgment in the first action is valid, final, and on the merits; (2) there is identity of the parties, or the parties in the second action are in privity with those in the first action; and (3) the claim in the later action grows out of the same transaction or occurrence as the claim in the first action."  *Jones v. Holvey*, 29 F.3d 828, 830 (3d Cir. 1994); *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008) (noting that "[b]oth New Jersey and federal law apply res judicata or claim preclusion when [these] three circumstances are present").  Here, the parties listed as plaintiffs and defendants in Plaintiff's March 2010 complaint are identical to the parties listed as such in Plaintiff's August 2010 Complaint.  The claims alleged by the later Complaint arise from the same transaction or occurrence as the claims contained in Plaintiff's previous complaint.  The only substantial question to be resolved is whether this Court's August 5, 2010 order of dismissal is a valid, final judgment on the merits.

Plaintiff believes dismissal pursuant to N.J. Local Civil Rule 41.1(a) was inappropriate and his earlier complaint should have been disposed of under Fed. R. Civ. P. 4(m).  Pursuant to Fed. R. Civ. P. 4(m), a case must be dismissed without prejudice if a defendant is not served within 120 days after the filing of a complaint.  Although Plaintiff asserts that he relied on Fed. R. Civ. P. 4(m) and assumed that his previous complaint would be dismissed without prejudice, this was error on his part because the Court's notice of call for dismissal expressly referred to Rule 41.1(a).

To the extent Plaintiff argues that the Court erred in its decision to dismiss the previous action under Rule 41.1(a), that decision cannot be reopened in these proceedings.  This Court's order disposing of Plaintiff's earlier compliant is conclusive until vacated or appealed, and the time to appeal has apparently passed.

To summarize, Plaintiff received notice that the Court contemplated dismissal pursuant to Rule 41.1(a).  Plaintiff did not make any effort to inform the Court of any difficulty he had serving the Defendants, nor did he request additional time with which to complete service.  Indeed Plaintiff did not contact the Court at all in regard to the prior action.  Instead, Plaintiff visited the Clerk's office to request that summonses be issued to him.  The record does not reflect that Plaintiff made efforts to serve these summonses.  Pursuant to N.J. Local Civil Rule 41.1(a), cases which have been pending for more than 120 days without proceedings must be dismissed.  The record does not reflect that plaintiff took any action "to prosecute the action against… [any] [d]efendants."  *Moore v.*

*Cumberland Cnty. Bd. of Freeholders*, 2008 WL 687063, at *1 (D.N.J. March 7, 2008); Fed. R. Civ. P. 41. A mere request for summonses, where the record does not indicate any attempt at service, does not effectively prosecute the action against any defendant. Thus, dismissal was appropriate in these circumstances. Federal Rule of Civil Procedure 41(b) provides that if a plaintiff's failure to prosecute results in a dismissal, such a dismissal constitutes an adjudication on the merits. Thus, this Court's order disposing of Plaintiff's March 2010 complaint was a final, valid judgment on the merits. Accordingly, Plaintiff's Complaint is barred by res judicata.

### IV. CONCLUSION

For the foregoing reasons, the Court concludes that the Plaintiff's Complaint fails to state a claim upon which relief can be granted. Chase's motion to dismiss is **GRANTED**, and Plaintiff's Complaint is **DISMISSED**.

An appropriate order follows.

s/William J. Martini

_____

**DATE: August 8 , 2011**  **William J. Martini, U.S.D.J.**